IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61818-CIV-MOORE/SIMONTON

CERTEX USA, INC.,
an Arizona corporation,

    Plaintiff,

vs.

JOSE VIDAL,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment (dkt # 26).

UPON CONSIDERATION of the Motion, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**

This case involves a lawsuit filed by an employer against its former employee for civil theft and misappropriation of trade secrets. The facts are set forth in this Court's Order Denying Defendant's Motion to Dismiss, dated February 8, 2010 (dkt # 20).[1]

**II.    STANDARD OF REVIEW**

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

---

[1] Although the facts set out in this Court's Order Denying Defendant's Motion to Dismiss (dkt # 20) are taken from the Complaint, there are no facts pertinent to Defendant's Motion for Summary Judgment that are in dispute. The facts as stated in the Order Denying Defendant's Motion to Dismiss are referenced for narrative purposes only.

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. However, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## III.   ANALYSIS

Defendant Jose Vidal ("Vidal") argues that Plaintiff Certex USA, Inc.'s ("Certex") claims are barred by the doctrine of res judicata. Res judicata precludes relitigation of claims that were raised and determined in the original litigation or that could have been properly raised and

determined in the original litigation. Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co., 945 So. 2d 1216, 1235 (Fla. 2006). Under Florida law, res judicata applies where there is a judgment on the merits in a prior suit and bars subsequent litigation where there is: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality [or capacity] of the persons for or against whom the claim is made." The Fla. Bar v. St. Louis, 967 So. 2d 108, 119 (Fla. 2007); Petillo v. World Savings Bank, FSB, No. 6:08-cv-1255-Orl-19GJK, 2009 WL 2178953, at *4 (M.D. Fla. July 21, 2009). In a case brought under diversity jurisdiction, "we apply the law of the state in which the district court sits to determine whether the doctrine of res judicata applies." Matthews, Wilson & Matthews, Inc., v. Capital City Bank, 312 Fed. Appx. 174, 175 (11th Cir. 2008). "Res judicata is not an absolute doctrine, and Florida courts have held that the doctrine should not be adhered to where its application would work an injustice." Shell v. Schwartz, Nos. 08-16450, 09-11170, 2009 WL 4854133, at *2 (11th Cir. Dec. 17, 2009) (citing deCancino v. Eastern Airlines, Inc., 283 So. 2d 97, 98 (Fla. 1973)); State v. McBride, 848 So. 2d 287, 291 (Fla. 2003) (stating that Florida has long recognized that res judicata "will not be invoked where it would defeat the ends of justice").

Florida Rule of Civil Procedure 1.420(b) establishes when an involuntary dismissal constitutes an adjudication on the merits, and provides, in relevant part:

> (b) Involuntary Dismissal . . .
> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable part, operates as an adjudication on the merits.

Fla. R. Civ. P. 1.420(b). Despite the clear language of Rule 1.420(b), it is nevertheless true that

courts making res judicata determinations under Florida law have sometimes found that res judicata does not apply when a case is dismissed on procedural grounds, and not on the merits. In re Commitment of Goode, 22 So. 3d 750, 751 (Fla. 2d DCA 2009) (holding that Rule 1.420(b) and doctrine of res judicata did not apply to a procedural dismissal because it was not an adjudication on the merits); Shuck v. Bank of America, N.A., 862 So. 2d 20, 24 (Fla. 2d DCA 2003) (holding that res judicata did not apply to dismissal with prejudice of premature claim because it was not an adjudication on the merits); Malunney v. Pearlstein, 539 So. 2d 493, 495 (Fla. 2d DCA 1989) (concluding that res judicata did not apply to state court claim dismissed on procedural grounds because it was not an adjudication on the merits).

The fact that courts sometimes decline to apply res judicata to procedural dismissals is further complicated by the fact that there are dismissals on procedural grounds to which the doctrine of res judicata clearly applies. For example, it is well settled that a statute of limitations is procedural but that a dismissal on statute of limitations grounds constitutes an adjudication on the merits for purposes of res judicata. Am. Bankers Life Assur. Co. of Fla. v. 2275 West Corp., 905 So. 2d 189, 191 (Fla. 3d DCA 2005) (stating that a statute of limitations is a procedural rule); WRH Mortgage, Inc. v. Butler, 684 So. 2d 325, 327 (Fla. 5th DCA 1996) (same); Carnival Corp. v. Middleton, 941 So. 2d 421, 424 (Fla. 3d DCA 2006) (holding that a dismissal on statute of limitations grounds constitutes an adjudication on the merits for purposes of res judicata). In Florida, Rule 1.420(b) is relied upon as the rationale for applying res judicata where a claim was

dismissed on statute of limitations grounds, even though such a dismissal is procedural.[2] Allie v. Ionata, 503 So. 2d 1237, 1241 (Fla. 1987) (citing 1B J. Moore, Moore's Federal Practice ¶ 0.409[6] (2d ed. 1984)). Vidal contends that Certex's claims are barred by the doctrine of res judicata based on a previous state court action brought by Certex against Vidal. On June 18, 2009, Certex filed a Complaint against Vidal in the Seventeenth Judicial Circuit in and for Broward County, Florida, alleging violations of the Florida Uniform Trade Secrets Act ("FUTSA") and for misappropriation of corporate funds. Certex USA, Inc. v. Vidal, Case No. 09033941 (Fla. Cir. Ct. 17th Judicial Dist.) (dkt # 28-1). Vidal moved to dismiss the claim based on Certex's failure to post a bond pursuant to § 57.011, Florida Statutes, and sought to dismiss the FUTSA count for failure to state a claim. Motion to Dismiss Amended Complaint, Case No. 09033941 (dkt # 28-6). The state court dismissed the claim in an Order dated August 14, 2009. Final Order, Case No. 09033941 (dkt # 28-7). The Order stated:

> Final Order on D[efendant's] Motion to Dismiss Amended Complaint
> THIS CAUSE having come on to be heard on the 14 day of Aug. 2009, on Defendant's Motion to Dismiss Amended Complaint, and the Court having considered the record, having heard counsel, and being otherwise advised in the Premises, it is hereupon, ORDERED AND ADJUDGED that said Motion be, and the same is hereby Granted.

Id. It is unclear from the face of the Order whether the dismissal was based on Certex's failure to post a bond as required by § 57.011 or for failure to state a claim. It is, however, clear from the transcript of the hearing that the dismissal was based on Certex's failure to post a bond.

---

[2] A dismissal based on a statute of limitations was not considered an adjudication on the merits under early common law. Allie v. Ionata, 503 So. 2d, 1237, 1241 (Fla. 1987) (citing 1B J. Moore, Moore's Federal Practice ¶ 0.409[6] (2d ed. 1984)). A dismissal on statute of limitation grounds became an adjudication on the merits in the federal system with the adoption of Federal Rule of Civil Procedure 41(b), and in Florida with the adoption of Florida Rule of Civil Procedure 1.420(b).

See Hearing Transcript at 8 (dkt # 28-8). Moreover, Vidal only challenged the FUTSA claim for failure to state a claim but did not challenge the misappropriation of funds claim. Therefore, the state court's dismissal of the entire action could only have resulted from Certex's failure to post a bond.

Thus, the question here is whether res judicata bars the claims in this action given that the state court dismissed the prior action for failure to post a bond pursuant to § 57.011. Section 57.011 reads:

> When a nonresident plaintiff begins an action . . . he or she shall file a bond with surety to be approved by the clerk of $100, conditioned to pay all costs which may be adjudged against him or her in said action in the court in which the action is brought. On failure to file such bond within 30 days after such commencement or such removal, the defendant may, after 20 days' notice to plaintiff (during which the plaintiff may file such bond), move to dismiss the action or may hold the attorney bringing or prosecuting the action liable for said costs and if they are adjudged against plaintiff, an execution shall issue against said attorney.

§ 57.011, Fla. Stat. "The obvious purpose of this statute is to protect prevailing defendants against suits brought by nonresident plaintiffs, so that such defendants are guaranteed up to $100 of their costs in the action." Lady Cyana Divers, Inc. v. Carvalho, 561 So. 2d 612, 613 (Fla. 3d DCA 1990). "The statute was originally enacted in 1828 by the Florida territorial legislature when a $100 cost bond was more than sufficient to cover all of the defendant's costs in a typical lawsuit." Id. "The Florida legislature, however, has not seen fit to increase the amount of this bondable protection notwithstanding the ravages of inflation since 1828." Id.

Florida's courts have never held a dismissal pursuant to § 57.011 to be an adjudication on the merits. See Wagner v. Uthoff, 868 So. 2d 617, 618 (Fla. 2d DCA 2004) (holding that erroneous dismissal for failure to post a bond under § 57.011 was not an adjudication on the

merits)[3]; Diaz v. Bravo, 603 So. 2d 106, 107 (Fla. 3d DCA 1992) (finding that where the basis of state court's dismissal was unclear, if dismissal with prejudice was for failure to post a bond pursuant to § 57.011, it was in error because plaintiff's "failure to post a bond could have been easily remedied"); see Waxman v. Schwarz, 458 So. 2d 72, 73 (Fla. 3d DCA 1984) (concluding that dismissal pursuant to § 57.011 was improper, where plaintiff tardily offered to post a bond and the complaint demonstrated sufficient assets to satisfy any resulting obligations).

In determining and applying the law of Florida, this Court "'must follow the decisions of the state's highest court, and in the absence of such decisions on an issue, must adhere to the decisions of the state's intermediate appellate courts unless there is some persuasive indication that the state's highest court would decide the issue otherwise.'" Prestige Restaurants and Entm't, Inc. v. Bayside Seafood Rest., Inc., No. 09-23128-CIV, 2010 WL 680905, at *5 n.3 (S.D. Fla. Feb. 23, 2010) (quoting Flintoke Co. v. Dravo Corp., 678 F.2d 942, 945 (11th Cir. 1982)). The Florida Supreme Court has never decided whether res judicata bars a subsequent claim where the first action was dismissed pursuant to § 57.011. Only two of Florida's five appellate courts have ruled on whether a dismissal under § 57.011 is an adjudication on the merits, a dispositive factor in determining whether res judicata applies, and have determined that such a dismissal is not an adjudication on the merits. Thus, it is evident that some tension exists between the requirements of Rule 1.420(b) and judicial decisions concluding that a dismissal under § 57.011 is not an adjudication on the merits.

The above-referenced decisions holding that a dismissal based on a party's failure to

---

[3] Although the appellate court reversed the trial court's Order dismissing the claim pursuant to § 57.011 because the required bond had actually been posted, the appellate court concluded that even though erroneous, the trial court's holding was not an adjudication on the merits.

comply with § 57.011 is not an adjudication on the merits could be reconciled with Rule 1.420(b) by concluding that § 57.011's bond requirement is procedural and thus a dismissal is not an adjudication on the merits. This would be consistent with the inclination of some Florida courts to hold that procedural dismissals are not adjudications on the merits, which results in carving out judicial exceptions to the application of Rule 1.420(b) on a case-by-case basis.

This Court need not decide whether a dismissal pursuant to § 57.011 is an adjudication on the merits, although the relevant Florida cases suggest that it is not. Rather, assuming, without deciding, that the state court's dismissal of Certex's action was an adjudication on the merits, the doctrine of res judicata does not apply to Certex's cause of action because of the injustice to Certex that would result. Shell v. Schwartz, 2009 WL 4854133, at *2 (stating that the doctrine of res judicata does not apply where its application would work an injustice). This proves particularly true here upon weighing the right afforded to Vidal under § 57.011 against Certex's interest in having its claims decided on the merits. To find otherwise would deprive Certex of its ability to seek to protect its trade secrets and attempt to recover over $15,000.00 that Defendant allegedly misappropriated, plus the potential recovery of treble damages. Applying the doctrine of res judicata based on a prior action dismissed solely because of Certex's failure to ensure the payment of $100 in costs would result in severe unfairness to Plaintiff. Accordingly, this Court concludes that the doctrine of res judicata does not bar Certex's claims.

## IV.   CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (dkt # 26) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ day of April, 2010.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record