UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61818-CIV-MOORE/SIMONTON

CERTEX USA, INC.,

    Plaintiff,

v.

JOSE VIDAL,

    Defendant.
_____/

### ORDER AFTER HEARING ON DEFENDANT'S MOTIONS TO COMPEL

Presently pending before the Court are Defendant's Motion To Compel Disclosure Required By Rule 26(a) (DE # 43) and Defendant Vidal's Motion To Compel Regarding Defendant's Request To Produce of 2/3/09 (DE # 44). All discovery motions in this case are referred to the undersigned Magistrate Judge (DE # 4). Plaintiff has filed an omnibus response (DE # 47). On April 15, 2010, the undersigned heard oral argument on the motion, and issued an oral ruling as to all disputed matters. All rulings made orally at the hearing are incorporated into this Order and are also set forth in the Order.

At the hearing, the undersigned granted Defendant's motion to compel the required initial disclosure as to the damages calculation regarding Count I. Plaintiff is to produce this to the office of Defendant's counsel on or before May 3, 2010.

As to the motion to compel regarding Defendant's request to produce, Plaintiff's counsel stated at the hearing that Plaintiff possessed no documents responsive to Requests to Produce 23, 24, 25, 28 and 29 except for the documents produced at the deposition of Certified Slings, Defendant's current employer. Defendant's counsel accepted this representation as a valid response to the requests.

In Request to Produce 26, Defendant requested a copy of Plaintiff's retainer

agreement.  At the hearing, Plaintiff's counsel stated that his belief regarding the hourly rate charged by partners and associates, and that the retainer agreement did not contain a cap on attorney's fees.  Plaintiff's counsel also agreed to file a written supplemental response confirming the hourly rates charged to Plaintiff as specified in the retainer agreement, and confirming that the retainer agreement did not contain a cap on attorney's fees.  Plaintiff is to produce this to the office of Defendant's counsel on or before May 3, 2010.

In Request to Produce 27, Defendant sought information regarding the names of the customers who Plaintiff claimed Defendant had misappropriated, as well as the pricing structure for those customers.  At the hearing, Defendant's counsel stated his belief that of the approximately 200 customers who Defendant dealt with while employed by Plaintiff, only 11 are now customers of Certified Slings, Defendant's current employer.  Defendant only seeks production of information regarding the clients whom Plaintiff contends were improperly solicited.  The undersigned ordered Plaintiff to produce to the office of Defendant's counsel, on or before May 3, 2010, the information requested in Request to Produce 27 for each client Plaintiff contends were improperly solicited.

As to confidentiality, the undersigned ruled that any information produced in discovery which is designated as confidential shall be used only for purposes of this litigation and shall not be disseminated outside of this litigation.  Either party may file a motion to enter a more restrictive or specific confidentiality order.  Any motions or memoranda filed in this case should be drafted, if at all possible, so that no confidential information is included within them.  Any necessary confidential information may be included in an exhibit, which may be filed with a motion to seal which demonstrates the need to protect the confidential information.

Therefore, for the reasons stated on the record at the hearing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion To Compel Disclosure Required By Rule 26(a) (DE # 43), is **GRANTED**.  On or before May 3, 2010, Plaintiff shall provide to the office of Defendant's counsel a calculation of damages as to Count I of the Complaint.  If this calculation changes, Plaintiff shall seasonably amend it.  It is further

**ORDERED AND ADJUDGED** that Defendant Vidal's Motion To Compel Regarding Defendant's Request To Produce of 2/3/09 (DE # 44), is **GRANTED in part**, as stated in the body of the Order.  All documents shall be provided to the office of Defendant's counsel on or before May 3, 2010.  Any information produced in discovery which is designated as confidential shall be used only for purposes of this litigation and shall not be disseminated outside of this litigation.  Either party may file a motion to enter a more restrictive or specific confidentiality order.

**DONE AND ORDERED** in chambers in Miami, Florida on April 15, 2010.

                                                *Andrea M. Simonton*
                                               ANDREA M. SIMONTON
                                               UNITED STATES MAGISTRATE JUDGE

**Copies furnished via CM/ECF to:**
**The Honorable K. Michael Moore**
      **United States District Judge**
**All counsel of record**