UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61818-CIV-MOORE/SIMONTON

**CERTEX USA, INC.,**

    Plaintiff,

v.

**JOSE VIDAL,**

    Defendant.
_____/

## ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS

Presently pending before the Court is Plaintiff's Request for Attorney's Fees and Costs, contained in Plaintiff's Motion For Entry of Final Judgment (DE # 101).[1] The District Court has referred Plaintiff's request for attorney's fees and costs to the undersigned Magistrate Judge (DE # 104). For the reasons stated below, Plaintiff's request for attorney's fees and costs is denied without prejudice to renew.

Plaintiff's request for attorney's fees and costs was not mentioned in the caption of Plaintiff's motion for entry of final judgment. Also, Plaintiff's request does not meet the requirements of Local Rule 7.3(a), in that it does not state that Plaintiff made a good faith effort to resolve the request with Defendant before filing the request. Local Rule 7.3(b) sets out the definition of such a good faith effort, stating:

> A draft motion compliant with Local Rule 7.3(a)(1)–(8) must be served but not filed within thirty (30) days after entry of the final judgment or order. Within twenty-one (21) days of service of the draft motion, the parties shall

---

[1] On December 1, 2010, the District Court entered an Amended Final Judgment in this case, entering judgment in favor of Plaintiff and against Defendant in the amount of $47,762.58. The Court also enjoined Defendant from contacting, soliciting, marketing to, or taking orders from Defendant's customers which Plaintiff served during his tenure at Plaintiff's Fort Lauderdale branch (DE # 106)

confer and attempt in good faith to agree on entitlement to and the amount of fees and nontaxable expenses. The respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority.

Finally, the redacted billing records, filed under seal, appear to request attorney's fees and costs related to a state court action and also request attorney's fees and costs for a period more than six months before the Complaint was filed in the instant case. Moreover, the redactions are so extensive that it is impossible to determine the reasonableness of the claimed fee, an issue as to which Plaintiff bears the burden.

Therefore, for the reasons above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Request for Attorney's Fees and Costs (DE # 101), is **DENIED without prejudice**. Within 45 days from the date of this Order, Plaintiff may refile a motion for attorney's fees and costs. Any refiled motion shall comply with Local Rule 7.3(a) & (b). Any refiled motion shall also contain unredacted billing records, which will enable the Court and Defendant to evaluate the reasonableness of the claimed fees, and shall state why Plaintiff is entitled to attorney's fees and costs 1) related to a state court case and 2) the more than six months prior to the filing of the Complaint in this case.

**DONE AND ORDERED** in chambers in Miami, Florida on December 27, 2010.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
The Honorable K. Michael Moore
    United States District Judge
All counsel of record

Defendant Jose Vidal, pro se
3911 SW 58th Avenue
Hollywood, FL 33023